Ali **HAGHIGHI d/b/a International Radio Network, Plaintiff,**

v.

**RUSSIAN–AMERICAN BROADCASTING COMPANY, Defendant.**

No. 3–95 CIV 696.

United States District Court,
D. Minnesota,
Third Division.

Nov. 8, 1996.

Robins, Kaplan, Miller & Ciresi, by Kathleen A. Marron, Minneapolis, Minnesota, appeared on behalf of Defendant.

Gust & Zerin, P.L.C., by Robert A. Gust, Minneapolis, Minnesota, appeared on behalf of Plaintiff.

## ORDER

ALSOP, District Judge.

This matter was originally before the Court on September 27, 1996, upon plaintiff's motion for an order "declaring the settlement agreement of February 14, 1996, to be valid and enforceable and further declaring defendant to be in breach thereof." The Court treated plaintiff's motion as a motion to enforce a settlement agreement and scheduled an evidentiary hearing for November 25, 1996. *See Sheng v. Starkey Laboratories, Inc.,* 53 F.3d 192 (8th Cir.1995). The Court also requested that the parties submit supplemental briefs addressing whether mediator Gerald Laurie is a competent witness or is privileged from testifying at the evidentiary hearing, and the effect of Minn.Stat. § 572.35, subd. 1 on the enforceability of any settlement.

Defendant argues the settlement agreement alleged by plaintiff is defective as a matter of law because it fails to state that it is binding as required by Minn.Stat. § 572.35. Minn.Stat. § 572.35, subd. 1 states:

> A mediated settlement agreement is not binding unless it contains a provision stating that it is binding and a provision stating substantially that the parties were advised in writing that (a) the mediator has no duty to protect their interests or provide them with information about their legal rights; (b) signing a mediated settlement agreement may adversely affect their legal rights; and (c) they should consult an attorney before signing a mediated settlement agreement if they are uncertain of their rights.

On its face, the statute appears to preclude settlements unless the settlement document includes the four provisions listed in the statute. Such a reading of the statute, however, creates a trap for both the unwary and the wary.[1] The Court does not believe the Minnesota Legislature intended this result, particularly in mediations where both parties

---

1. Minn.Stat. § 572.35 was enacted in 1984. The Court suspects that the vast majority of mediated settlement documents drafted by Minnesota attorneys since 1984 do not contain the language of Minn.Stat. § 572.35, subd. 1. In fact, former defense counsel failed to include the language in a settlement agreement he drafted.

are represented by counsel and are fully aware of the binding effect of a settlement agreement. Accordingly, the Court finds Minn.Stat. § 572.35 does not bar enforcement of the alleged settlement.

In addition, Defendant's then counsel failed to include this language in a settlement document he drafted, and which he claimed was legally sufficient to settle the parties' dispute. Thus, Defendant has waived any argument that either Minn.Stat. § 572.35, subd. 1 or the parties' Mediation Agreement require the settlement document to state it is binding. The evidentiary hearing scheduled for November 25, 1996 will go forward as scheduled. Plaintiff bears the burden of proving that a settlement agreement was reached.

Defendants also argue that a recent amendment to Minn.Stat. § 595.02 precludes either party from calling the mediator, Mr. Laurie, to testify at the evidentiary hearing. Minn.Stat. § 595.02, subd. 1a provides:

> No person presiding at any alternative dispute resolution proceeding established pursuant to law, court rule, or by an agreement to mediate, shall be competent to testify, in any subsequent civil proceeding or administrative hearing, as to any statement, conduct, decision, or ruling, occurring at or in conjunction with the prior proceeding, except as to any statement or conduct that could: (1) constitute a crime; (2) give rise to disqualification proceedings under the rules of professional conduct for attorneys; or (3) constitute professional misconduct.

Although it is unclear whether the statute creates a privilege or a rule of competency, in either case, the Federal Rules of Evidence require that "in civil actions and proceedings with respect to an element of a claim or defense as to which State law supplies the rule of decision," the competency or privilege of a witness "shall be determined in accordance with State law." *See* Fed.R.Evid. 501 and 601. Although the Court questions the appropriateness of such a limitation on testimony in circumstances where a dispute arises regarding the existence of a mediated settlement, the statute clearly supports Defendant's argument that Mr. Laurie may not testify.[2] Therefore, neither party may call Mr. Laurie at the evidentiary hearing on November 25, 1996.

**IT IS SO ORDERED.**

---

**2.** The Court notes that the parties' Mediation Agreement also purports to exclude Mr. Laurie's testimony.